UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DONALD SCOTT JONES, | ) | C/A No.: 4:15-cv-4004-BHH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| JOSEPH McFADDEN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

_____ )

Petitioner, Donald Scott Jones, (Petitioner), filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 25, 2015. (Doc. #1).

Respondent filed a motion for summary judgment on December 11, 2015, along with

a return and memorandum. (Docs. #10 and #11). The undersigned issued an order

filed December 14, 2015, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #12). Petitioner filed

a response in opposition on January 19, 2016, and Respondent filed a reply on January

29, 2016. (Docs. #14 and #15).

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c),
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution. The Cherokee County Grand Jury indicted Petitioner on July 30, 2009, for one count of Criminal Sexual Conduct, First Degree (2009-GS-11-840), and one count of Assault and Battery with Intent to Kill (2009-GS-11-841).[2] Petitioner was represented by Thomas Shealy, Assistant Public Defender for Cherokee County. Appearing on behalf of the State was Assistant Solicitor Kim Leskanic and Deputy Solicitor Barry Barnette of the Seventh Judicial Circuit Solicitor's Office. Prior to trial, the State filed a Notice of Intent to Seek Life without Parole on both charges.[3] Petitioner's jury trial began on May 25, 2010, before the Honorable J. Derham Cole, South Carolina Circuit Court Judge, and a jury. Petitioner was convicted by the jury as charged. Judge Cole sentenced Petitioner to life confinement for each conviction.

---

[2] The alleged victim is/was Petitioner's aunt.

[3] In his response in opposition to summary judgment, Petitioner asserts that the State served the notice to seek life without parole after he rejected the twenty year plea offer. (Doc. #14, p. 18).

2

444e4cb37cd5a055

**Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner, and an appeal was perfected by the filing of an <u>Anders</u>[4] brief. On appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender for the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the final <u>Anders</u> brief, counsel contended the trial judge erred in not allowing into evidence testimony regarding the prosecutrix's anger issues because this information was relevant to Petitioner's self-defense claim since such evidence would have aided the defense in establishing that it was the prosecutrix who was the aggressor that placed Petitioner in fear of serious bodily injury or loss of life during the altercation in question. Petitioner did not file a *pro se* response to the <u>Anders</u> Brief.

The South Carolina Court of Appeals affirmed Petitioner's convictions in an unpublished opinion filed March 7, 2012. (Attachment 5). The Remittitur was issued on March 23, 2012. (Attachment 6).

**PCR**

Petitioner filed his application for post-conviction relief (PCR) on August 6, 2012, arguing that trial counsel was ineffective for failing to investigate. The State

---

[4] <u>Anders v. California</u>, 386 U.S. 738 (1967)

3

served its return on November 30, 2012.

An evidentiary hearing took place on November 15, 2013, before the Honorable Robin B. Stilwell, South Carolina Circuit Court Judge. Petitioner was present and represented by Shawn M. Campbell. Judge Stilwell filed his order of dismissal on March 6, 2014, denying and dismissing the PCR application.

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR appeal and was represented by Katherine M. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. A Johnson petition for writ of certiorari was filed on Petitioner's behalf arguing the PCR judge erred in refusing to find counsel ineffective for failing to object when the State moved to qualify a nurse as an expert in performing sexual assault exams and diagnosing sexual assaults and allowing the nurse to testify that the injuries she observed indicated non-consensual sex.

Petitioner filed a *pro se* response to the Johnson petition raising several issues. First, Petitioner contended that the PCR judge erred in refusing to order a deposition of the victim's son, who provided a written letter for the hearing, but was not present to testify due to incarceration in the County of Cherokee. Second, he asserted that the

4

PCR judge erred by not finding trial counsel ineffective, by not investigating his ability to use skills and the resources a criminal lawyer has in strategizing an adequate defense and that trial counsel failed to gain the information needed for proper investigation contained in discovery, Rule 5 and expert witnesses, doctor of said victim, and the investigating Detective Ramsey. Third, he contended that the PCR judge erred in refusing to find counsel ineffective in failing to bring to light all the false information given by the victim, officers, and expert witness that an investigation of the facts would have prevented. Fourth, he argued that trial counsel's ineffectiveness broke the rules of professional conduct by allowing himself to proceed with a half-hearted defense during the time before, and of trial, while a conflict of interest was clearly at hand. Fifth, Petitioner asserted that he was entitled to relief because of cumulative error by trial counsel.

Petitioner's PCR action concluded upon the Supreme Court of South Carolina's denying the <u>Johnson</u> petition for writ of certiorari and granted counsel's request to withdraw. (Attachment 11).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:        Trial judge erred in not allowing witnesses testimony into evidence, and testimony not

heard by jury.

Supporting facts:        In trial, defense witness Lucille Whelchel, was asked by defense counsel "Does your sister have anger issues?" Witness began to testify, and an objection by the State led to the jury being dismissed for the testimony. (App. 247), (247-250 of App., the testimony was most important to the self-defense petitioner testified while on the stand, (App. 260-263). See Attachments of Ground One

GROUND TWO:           Ineffective Assistance of counsel

Supporting Facts:        1) Trial counsel affected by a Conflict of Interest 2) Trial counsel failed to investigate before trial the mental and medical records of state's witness Kay Spencer, the prosecutrix, to show anger issues and false testimony. 3) Counsel failed to call key witnesses as experts, Dr. Karns, Detective Ramsey, and a defense witness Susan Clary, to show Misconduct of Pros. 4) Counsel failed to object; to a motion to qualify a nurse as expert; ect; 5) Failure by counsel to investigate Forensic evidence and to add.

GROUND THREE:         PCR Court erred in refusing to find Trial counsel ineffective in failing to object to a nurse being qualified as expert.

Supporting Facts:        See Johnson Petition Following  Attachments –PCR transcript

GROUND FOUR:          Prosecutorial Misconduct

Supporting Facts:        1) Deputy Solicitor vindictively inhanced a

prior charge to most serious to seek a Life w/out parole sentence in this case; using misrepresentation in the previous trial to convict. 2) Prosecution neglected to stop false testimony by State's expert witness, and neglected to correct the inconsistency of prosecutrix's testimony.

GROUND FIVE:              Ineffective Assistance of PCR Attorney:

Supporting Facts:         On December 20, 2012 Shawn Campbell notified Petitioner that he took over PCR action on this case.  Petitioner Lettered amendments to Mr. Campbell to add or amend to ill-prepared PCR application, and listed three subpoenas to be served.

On November 15, 2013, Petitioner met with Mr. Campbell in a pre-hearing conference at the courthouse. There, PCR Attorney told Petitioner that he did not amend the PCR application, and that he only wanted to raise the mental health records that trial counsel failed to obtain before trial. PCR attorney also neglected to subpoena the witnesses concerning conflict of interest claim and an expert witness concerning medical attention given to both Petitioner and prosecutrix. The failed amendments were conflict of interest by trial counsel, prosecutorial misconduct, and direct appeal claim. The subpoenaed witnesses were to be Kim Leskanic, the solicitor –Usha Bridges, family court Judge –and Dr. Karns of Upstate Medical

At the end of proceedings, PCR attorney asked to approach the Bench to present a

deposition written by the prosecutrix's son, the first cousin of Petitioner. The deposition cast question upon the credibility of the prosecutrix, and PCR judge allowed the hearing open for ten (10) days to present the witness for cross-examination. Both Judge and counsel knew the witness was incarcerated, and the Petitioner was, and is, in state custody. PCR Attorney, Shawn Campbell failed to subpoena the witness for testimony crucial for Petitioner's relief. (App. 453).

PCR Attorney will not respond to Petitioner's letters to retrieve the deposition or the letter of Amendments. Petitioner asks for an evidentiary hearing to face PCR attorney, along with the other witnesses Petitioner requested.

GROUND SIX:          PCR Judge erred in ordering authentication of a written deposition and not allowing into evidence a material witness' testimony.

Supporting Facts:    On November 15, 2013, at the PCR proceedings of this case, PCR Judge Robin B. Stilwell was handed a written deposition written by said victim's son, the Petitioner's cousin, James Eric Spencer. The testimonial calls into question the said victim's credibility. (App. 453). Instead of ordering subpoena for the incarcerated witness, PCR judge held the hearing open 10 days for Petitioner, whom is in state custody, to present the material witness for authentication, (App. 456, Order of Dismissal). Petitioner asserts prejudice, in that, a material witness' testimony was not

8

allowed into the record, or into evidence. Petitioner raised in Supreme Court of South Carolina in a pro se response to a Johnson Brief in an appeal of the PCR dismissal.

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if

the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds

of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with ...

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. <u>Humphries v. Ozmint</u>, 397 F.3d 206, 216 (4th Cir. 2005) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." <u>McHone v. Polk</u>, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal

which could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from

proceeding in state court.

 If the state courts have applied a procedural bar to a claim because of an earlier

default in the state courts, the federal court honors that bar. State procedural rules

promote

> not only the accuracy and efficiency of judicial decisions, but also the
> finality of those decisions, by forcing the defendant to litigate all of his
> claims together, as quickly after trial as the docket will allow, and while
> the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10–11 (1984).

 Although the federal courts have the power to consider claims despite a state

procedural bar,

> the exercise of that power ordinarily is inappropriate unless
> the defendant succeeds in showing both "cause" for
> noncompliance with the state rule and "actual prejudice"
> resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

 Stated simply, if a federal habeas Petitioner can show (1) cause for his failure

to raise the claim in the state courts, and (2) actual prejudice resulting from the failure,

a procedural bar can be ignored and the federal court may consider the claim. Where

a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

Respondent argues that Petitioner's Ground Two (1),  two claims in Ground Two(3), and Ground Four are procedurally barred from federal habeas review.

In   Ground Two(1), Petitioner argues that trial counsel was affected by a conflict of interest. Respondent argues that this issue is procedurally barred because it was not raised at PCR or ruled upon by the PCR court. In his response to summary judgment, Petitioner argues PCR counsel's ineffectiveness in failing to amend his PCR application to include this claim for relief is cause to excuse the procedural bar. Petitioner claims that Martinez v. Ryan, 132 S. Ct. 1309 (2012) allows him to overcome his procedural default as to this conflict of interest issue.

In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel.  Martinez, 132 S. Ct. at 1319.  The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review

14

proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> We . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceedings."

Trevino v. Thaler, 133 S. Ct. 1911 (2013) (citing Martinez, 132 S. Ct. at 1318–19); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To establish cause under Martinez, Petitioner must demonstrate (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-counsel claim is a substantial one." Martinez, 132 S. Ct. at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59 motion was "objectively unreasonable, and that, but for his errors,

there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." <u>Sexton</u>, 679 F.3d at 1157; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (stating that "the <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); <u>Strickland v. Washington</u>, 466 U.S. at 687 (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under <u>Strickland</u> or that the underlying ineffective assistance of trial counsel claim is substantially meritorious to overcome the default. Petitioner does not explicitly explain the alleged conflict of interest in his habeas petition. Petitioner asserts that this issue was raised in his *pro se* response to the <u>Johnson</u> petition. In the <u>Johnson</u> petition, Petitioner alleged a conflict of interest on the part of trial counsel alleging his trial counsel and a Cherokee County family court judge, Usha Bridges, were personal friends. Petitioner asserts that counsel informed him that Judge Bridges was siding with the victim because Judge Bridges knew the victim, "shares a relative with Judge Bridges, and cleans Bridges house for work." (Attachment 10-11, p. 31). Further, Petitioner

16

alleges counsel informed him of ". . . the relationship Bridges had with Assistant Solicitor Kim Leskanic who was prosecuting petitioner." Id. Therefore, Petitioner alleges there was a conflict of interest in that "[t]he court officers and Victim being improperly connected, outweighed the petitioners defense." Id. Based on the alleged conflict, Petitioner argues that trial counsel was ineffective by allowing himself to proceed with a "half-hearted defense" Id. at 30.

Petitioner fails to demonstrate that his claim is substantial, or that he was prejudiced by PCR counsel's allegedly deficient representation. Petitioner claims the conflict of interest in this case arose from the fact that trial counsel and a family court judge who knew the victim in this case were personal friends. The attenuated set of relationships described by Petitioner do not constitute a conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."); Thomas v. State, 551 S.E.2d 254, 256 (S.C. 2001) ("An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's."). Therefore, Petitioner's conflict of interest claim was not substantial. See Martinez, 132 S. Ct. at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which

17

is to say that the prisoner must demonstrate that the claim has some merit.").
Accordingly, Respondent is entitled to summary judgment as to Ground Two (1)
because the claim is procedurally barred and the Court declines to find cause to excuse
the procedural bar.

In Ground Two (3), Petitioner alleges that trial counsel was ineffective for
failing to call Dr. Karns and Detective Ramsey to testify.[5]  Respondent argues this
claim is procedurally barred because it was not raised at PCR and, therefore, not ruled
upon in state court. In his response, Petitioner claims that Martinez v. Ryan, supra
allows him to overcome his procedural default because PCR counsel failed to
subpoena the witnesses to testify at the PCR hearing. Petitioner's argument fails.
With respect to the ineffective assistance of trial counsel claim, the South Carolina
Supreme Court "has repeatedly held a PCR applicant must produce the testimony of
a favorable witness or otherwise offer the testimony in accordance with the rules of
evidence at the PCR hearing in order to establish prejudice from the witness's failure
to testify at trial." Bannister v. State, 333 S.C. 298, 509 S.E.2d 807, 809 (S.C.1998).
Because Petitioner failed to present Dr. Karns and/or Detective Ramsey as a witness
at the evidentiary hearing and has failed to submit any evidence of what the proposed

---

[5] In Ground Two(3), Petitioner asserts also that counsel was ineffective for failing to call Susan
Clary as a witness to testify on his behalf. This portion of claim three will be discussed on the
merits, infra.

witness's testimony would be or evidence that would show a probability that the testimony would have changed the outcome[6], any discussion of what would have transpired at trial if either of these witnesses had been called to testify is purely speculative. Accordingly, Petitioner has not established trial counsel's representation fell below an objective standard of reasonableness and, therefore, <u>Martinez</u> does not excuse the procedural bar to this ground.

In Ground Four, Petitioner argues that the prosecution engaged in misconduct because his prosecution for life without parole was vindictively enhanced, the prosecution allowed for false testimony to be presented by its expert witness, and it neglected to correct inconsistent testimony from the victim. These claims were not raised to the PCR court and, therefore, not ruled upon in state court. Therefore, these claims are procedurally barred from federal habeas review. Petitioner has not established cause and prejudice to overcome the default.[7] Accordingly, it is

---

[6] Petitioner attached copies of medical records to his response to summary judgment. It does not appear these documents were submitted to the state courts. Therefore, this court will not consider the "new evidence". <u>See</u> <u>Cullen v. Pinholster</u>, 563 U.S. 170, 131 S. Ct. 1388, 1389-99, 179 L.Ed. 2d 557 (2011) (holding "that review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); <u>cf</u> <u>also</u> 28 USC § 2254(e)(2)<u>; Schiro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

[7] Petitioner does not demonstrate cause to excuse the procedural bar, or actual prejudice or a fundamental miscarriage of justice resulting from the procedural bar.  <u>See</u> <u>Smith v. Murray</u>, 477 U.S. at 533. Further, any attempt to argue the procedural default should be excused pursuant to <u>Martinez</u> would fail as <u>Martinez</u> is not applicable since this is an allegation of prosecutorial misconduct and is not a claim of ineffective assistance of trial counsel.

recommended that these claims be dismissed as procedurally barred.

## **Ground One**

In Ground One of the habeas petition, Petitioner argues that the trial judge erred in not allowing witnesses' testimony into evidence and to be heard by the jury. Specifically, Petitioner argues that the trial court erred in not allowing Lucille Whelchel, one of Petitioner's aunts and sister of the victim, to testify that the victim had anger issues. Respondent asserts this claims fails to state a claim upon which federal habeas relief can be granted. This court agrees. The court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998). Therefore, this issue is not cognizable for federal habeas review and should be dismissed.

## **Ground Two**

In Ground Two, Petitioner alleges the following five claims of ineffective assistance of counsel:

1)  Trial counsel affected by a Conflict of Interest
2)  Trial counsel failed to investigate before trial the mental and medical records of state's witness Kay Spencer, the prosecutrix, to show anger issues and false testimony.

20

3)  Counsel failed to call key witnesses as experts, Dr. Karns, Detective Ramsey, and a defense witness Susan Clary, to show Misconduct of Pros.

4)  Counsel failed to object; to a motion to qualify a nurse as expert; ect;

5)  Failure by counsel to investigate Forensic evidence and to add.

As discussed above, Ground Two (1) alleging a conflict of interest, and two issues in Ground Two (3) with regard to failing to call Dr. Karns and Detective Ramsey are procedurally barred. The remainder of Ground Two will be addressed on the merits.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant

the right to effective assistance of counsel in a criminal prosecution.  McMann v.

Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland, supra, the

United States Supreme Court set forth two factors that must be considered in

evaluating claims for ineffective assistance of counsel.  A petitioner must first show

that his counsel committed error.  If an error can be shown, the court must consider

whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's

representation fell below an objective standard of reasonableness." Strickland, 466

U.S. at 688.   "The proper measure of attorney performance remains simply

reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342,

348 (4th Cir. 1985) (quoting Strickland), reversed on other grounds, 476 U.S. 28

(1986).  In meeting the second prong of the inquiry, a complaining defendant must

show that he was prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional  errors,
> the result of the proceeding would have been different.  A
> reasonable  probability  is  a  probability  sufficient  to
> undermine confidence in the outcome.

Strickland, 466 U.S. at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must
> judge the reasonableness of counsel's challenged conduct

on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance.  (Emphasis added.)

<u>Id.</u>; <u>Williams v. Taylor</u>, 529 U.S. 362 (2000)(confirming the <u>Strickland</u> analysis).

## Ground Two (2)

In Ground Two (2), Petitioner argues that trial counsel was ineffective for failing to investigate the mental and medical records of the Victim, to show anger issues and false testimony. Respondent contends that Petitioner is not entitled to habeas relief on this ground as the PCR court made reasonable factual findings and reasonably applied federal precedent in denying and dismissing the same.

The PCR court held that the allegations that trial counsel did not conduct adequate pre-trial investigations are without merit. With respect to Ground Two(2), the PCR court noted that counsel testified that he did not subpoena the victim's mental health records, but did proffer testimony from two family members regarding the victim's anger issues. "Counsel testified that he does not know if having the mental health records would have helped, but he does not believe that the testimony would have been allowed. Further he was never told of who treated the victim or who he could subpoena." (Tr. 461).  The PCR held as follows, quoted verbatim:

. . . The Applicant produced no records that would have

23

been helpful in his defense at trial or anyone that had first-hand knowledge of any mental health treatment the victim had obtained. Therefore, this Court finds no deficiency on Counsel's behalf in regards to his failure to attempt to introduce the victim's mental health records.

This Court finds in regards to the allegation of ineffective assistance of counsel, this court finds Counsel's testimony to be credible. This Court further finds Counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in his representation, and that Counsel's conduct does not fall below the objective standard of reasonableness.

(Tr. 464).

The PCR court held that Petitioner failed to prove the first and second prongs of the Strickland test.

The PCR court's findings indicate that the court found more credible trial counsel's testimony at the evidentiary hearing than Petitioner's testimony. The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Additionally, the PCR court found that Petitioner failed

24

to present evidence of what counsel could have discovered or what other defense could have been pursued had counsel been more prepared.  A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Counsel proffered the testimony of two family members regarding the victim's anger issues, but the testimony was not allowed in by the trial judge. Petitioner did not present any records or any first-hand knowledge of any mental health treatment the victim had obtained.  Therefore, the PCR court's findings were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Also, the findings were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  <u>See</u> 28 U.S.C. § 2254(d)(1) & (2). Accordingly, it is recommended that this issue be dismissed.


**<u>Ground Two (3)</u>**

In his Ground Two (3), Petitioner claims that trial counsel was ineffective for

failing to call Susan Clary as a defense witness.[8] Respondent contends that Petitioner is not entitled to habeas relief on this ground as the PCR court made reasonable factual findings and reasonably applied federal precedent in denying and dismissing the same.

Susan Whelchel Clary ("Clary") testified at the PCR evidentiary hearing that she is the first cousin of the Petitioner and niece of the victim but was not subpoenaed or called to testify at trial. (Tr. 449). Clary testified that she was interviewed by trial counsel as to what she would have testified to if called to testify at trial. Id. Clary testified that she would have offered testimony regarding conflicts with the victim, and the fact that the victim initiated a charge of assault and battery of a high and aggravated nature against Clary. (Tr. 450-451). However, Clary acknowledged that she was arrested for the assault and not the victim. (Tr. 452). The PCR court held that "it is doubtful that [Clary's] testimony would have been admissible at trial" noting that counsel attempted to introduce similar testimony and proffered the testimony, but it was not allowed by the trial court. (Tr. 464). Again, the PCR court found no error on

---

[8] In Ground Two (3), Petitioner alleged ineffective assistance of counsel for failing to call "key witnesses as experts, Dr. Katrns, Detective Ramsey and a defense witness Susan Clary to show Misconduct of Pros." (Petition). As discussed supra, the issue of ineffective assistance of counsel for failing to call Dr. Karns and Detective Ramsey as experts was not raised or addressed by the PCR court. Thus, this portion of Ground Two (3) is procedurally barred. Even assuming this issue was not procedurally barred, Petitioner did not present their testimony at the PCR hearing, thus it is mere speculation that their testimony would have been beneficial to Petitioner or that their testimony would have changed the outcome of the trial. Therefore, Petitioner fails to show counsel was deficient or that he was prejudiced by any alleged error of not presenting these two witnesses.

the part of Counsel concluding he was thoroughly competent in his representation, and his conduct did not fall below the objective standard of reasonableness. Additionally, the PCR found Petitioner failed to prove any prejudice due to Counsel's performance. The PCR court's factual conclusions were not unreasonable based on the evidence presented at the PCR evidentiary hearing. Moreover, the PCR court did not misapply federal law in denying this ineffective assistance of counsel claim where the court found Petitioner failed to make a sufficient showing under the prejudice prong of Strickland.   As the Fourth Circuit has recognized, "the Supreme Court has recommended that when possible, the prejudice prong should be first addressed." Cousins v. Green, 416 F. App'x 278, 282 (4th Cir. 2011).   Accordingly, it is recommended that Respondent's motion for summary judgment with respect to Ground Two (3) be dismissed.


**Ground Two, (4)**

In Ground Two (4), Petitioner argues ineffective assistance of counsel for failing to object to a motion to qualify a nurse as an expert. This is the same issue raised in Ground Three, infra. Therefore, it will be addressed under Ground Three.

**Ground Two, (5)**

In Ground Two (5), Petitioner argues ineffective assistance of counsel for failing to investigate certain forensic evidence. At the PCR hearing, Petitioner argued that counsel should have investigated the forensic evidence regarding the victim's bra and a computer cord that victim alleged Petitioner used around her neck in an attempt to choke her. Respondent argues Petitioner is not entitled to habeas relief on this ground as the PCR court made reasonable factual findings and reasonably applied federal precedent in denying and dismissing the same.

At the PCR evidentiary hearing, Petitioner testified counsel was ineffective for failing to have victim's bra independently tested. (Tr. 405). Specifically, Petitioner testified that the victim's bra came off at some point while they were having sex earlier on the night of the incident, but the victim told the police that she was fully clothed at the time she was stabbed. (Tr. 404). Therefore, Petitioner contends that if she had her bra on, there should have been a hole in it. (Tr. 404-405). Further, Petitioner testified that since she alleged he choked her with a computer cord, counsel should have had the cord tested for blood or skin cells. (Tr. 408-409). Counsel testified that he did discuss the issue with the bra and the fact that it did not have a hole in it from a stab wound, which was established at trial, with Petitioner but does not believe anything could have been done forensically. (Tr. 428-429). Further,

28

counsel testified that he saw no issue with the cord and, therefore, saw no reason to

request money from the court to have it tested. (Tr. 442-443).

The PCR court held as follows:

> Although the Applicant alleged that Counsel failed to have
> the bra or computer cord independently tested, there is no
> evidence to suggest that the outcome of the trial would have
> changed had either of those been tested. This Court finds
> that the Applicant may be second-guessing decisions made
> at trial; however, this Court finds that those decisions,
> although they could have been different, were reasonably
> calculated to support the best interests of the Applicant.
> Trial Counsel was competent and effective and elected not
> to do a host of things; however, this does not rise to the
> level of incompetency. . . "[E]ven if an omission is
> inadvertent, relief is not automatic. The Sixth Amendment
> guarantees reasonable competence, not perfect advocacy
> judged with the benefit of hindsight." Yarborough v.
> Gentry, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003).

(Tr. 462-463).

The PCR court's findings indicate that the court found more credible trial

counsel's testimony at the evidentiary hearing than Petitioner's testimony.  The PCR

court's factual determination regarding credibility is entitled to deference in this

action.  Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008), (citing 28 U.S.C. §

2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments,

the state court's error must be stark and clear)); see also  Marshall v. Lonberger, 459

U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to

redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Further, the PCR court found that Petitioner failed to present evidence of what counsel could have discovered or what other defense could have been pursued had counsel been more prepared. Additionally, the PCR court's finding that while counsel's decisions could have been different, the decisions were reasonably calculated to support the best interests of the Petitioner. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1). Petitioner did not present any evidence to show prejudice under the Strickland standard by submitting evidence to suggest that the outcome of the trial would have been different had the bra or computer cord been tested. Therefore, the PCR court's findings were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The PCR court's factual conclusions were not unreasonable based on the evidence presented at the PCR evidentiary hearing. Moreover, the PCR court did not misapply federal law in denying this ineffective assistance of counsel claim where the court found Petitioner failed to make a sufficient showing under the prejudice prong of Strickland. Accordingly, it is recommended that Ground Two(5) be dismissed.

**Ground Three**

In Ground Three, Petitioner argues ineffective assistance of counsel in failing to object to a nurse being qualified as an expert in a sexual assault examination and testifying at trial. Respondent argues that Petitioner cannot show that the PCR court made an unreasonable determination of the facts in denying relief on this claim or unreasonably applied federal law.

At the PCR hearing, Petitioner testified that trial counsel failed to object to Nurse Mobley's qualifications as a sexual assault nurse examiner and believes that her testimony led to his conviction. The PCR court held as follows:

> In regards to Counsel's manner in questioning the expert witness and his decision to not object to her qualification or request voir dire, this Court finds that Counsel was not deficient. This court finds that Counsel acted in the best interest of Applicant and that Counsel calculated his motions and tactics in an effort to effect the goal of competent and effective advocacy on his client's behalf. It is not necessary that an attorney make every objection or motion that he possibley can under the South Carolina Rules of Procedure. It is only necessary that he or she make those objections and motions which are reasonably calculated to effect the substantive end. In this case, the record would suggest that Counsel did just that.

(Tr. 463).

The PCR court found trial counsel was not deficient in his questioning of the nurse and that he "calculated his motions and tactics in an effort to effect the goal of

31

competent and effective advocacy on his client's behalf." (Tr. 463). A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Counsel testified that Nurse Mobley had over twenty years of experience along with hours of training in ride alongs and numerous pelvic exams. (Tr. 441). Therefore, he did not think there was any benefit to objecting to her qualifications. Counsel testified that he was satisfied with her credentials even though she had only testified once before but that an expert has to start somewhere. (Tr. 442). Counsel testified that it was his strategy to attack the nurse about the inconsistencies in her report and the victim's story. Id. Counsel stated that the nurse gave them a lot more than he expected. Id. Additionally, counsel testified that the nurse did testify that the victim had trauma to her vaginal and rectal area, but  was able to get her to testify that the trauma could occur with consensual sex without lubrication. (Tr. 442).  The PCR court's factual conclusions that  was not deficient in this regard were not unreasonable based on the evidence presented at the PCR evidentiary hearing. See 28 U.S.C. § 2254(d)(1) & (2). Moreover, the PCR court did not misapply federal law in denying this ineffective assistance of counsel claim where the court found Petitioner did not meet the Strickland standard. Therefore, the PCR court's findings were not contrary to, nor did

they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Therefore, it is recommended that Ground Three be dismissed.

**Grounds Five and Six**

In Petitioner's Grounds Five and Six, he asserts errors by both the PCR attorney and PCR judge.    In his Ground Five, Petitioner claims he received ineffective assistance of PCR counsel when counsel did not amend his PCR application to add additional allegations and failed to subpoena witnesses to the hearing.  In Ground Six, Petitioner argues that the PCR court erred in ordering authentication of a written deposition and not allowing material witness testimony into evidence.

Respondent argues that these grounds are not cognizable in habeas review since both concern the state PCR process and do not raise claims concerning federal habeas corpus relief.  This court agrees.    "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i).  Alleged defects in state PCR proceedings are not cognizable in a federal habeas action.  Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding errors and irregularities in connection with state PCR

proceedings are not cognizable on federal habeas review).  Thus, it is recommended that summary judgment be granted for Respondent with regard to Grounds Five and Six.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 25, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.