UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Scott Jones, | Civil Action No.: 4:15-04004-BHH |
| Petitioner, | |
| vs. | **Opinion and Order** |
| Joseph McFadden, Warden, | |
| Respondent. | |

Petitioner, Donald Scott Jones, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 16.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On April 25, 2016, the Magistrate Judge issued a Report; and on May 17, 2016, Petitioner filed his Objections. (ECF No. 20.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The

Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

The Magistrate Judge found that Ground Two (1), two claims in Ground Two (3), and Ground Four are procedurally barred and the Court agrees. In his thorough thirty-four page Report, the Magistrate Judge first found that Ground Two (1) was not raised to or ruled upon by the PCR court. Ground Two (1) alleges ineffective assistance of counsel due to counsel's conflict of interest. The Magistrate Judge considered Petitioner's argument that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), created an exception here because Petitioner's PCR counsel failed to amend the PCR application to include this claim. In *Martinez*, the Supreme Court held that when a state requires its defendants to raise ineffective assistance of trial counsel claims in initial-review collateral proceedings, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel was ineffective under *Strickland v. Washington*, 466 U.S. 886 (1984). 132 S.Ct. at 1320. To overcome the procedural bar under *Martinez* however, the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. (internal citations omitted).

3

Here, the Magistrate Judge found that "Petitioner has not shown that his PCR counsel was ineffective under *Strickland* or that the underlying ineffective assistance of counsel claim is substantially meritorious to overcome the default." (ECF No. 16 at 16.) He noted that the conflicts alleged by Petitioner were merely an "attenuated set of relationships"; specifically, that trial counsel and a family court judge who knew the victim in this case were personal friends. (*Id.* at 17.) According to Petitioner, this conflict led trial counsel to present a "half-hearted defense." (ECF No. 10-11 at 30.) The Magistrate Judge correctly concluded that Petitioner's allegations did not establish a conflict of interest and, therefore, Petitioner did not have a meritorious underlying ineffective assistance of counsel claim. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."); *Thomas v. State*, 551 S.E.2d 254, 256 (S.C. 2001) ("An actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant's.").

In his objections, Petitioner briefly argues that his PCR counsel was ineffective, but he does not address the alleged ineffectiveness of his trial counsel. (ECF No. 20 at 5–6.) Because the Court agrees with the Magistrate Judge that Petitioner's allegations do not establish a substantially meritorious underlying ineffective assistance of counsel claim, the *Martinez* exception does not apply. Ground Two (1) is therefore procedurally barred and this objection is overruled.

4

The Magistrate Judge also found that two claims in Ground Two (3) were not raised to or ruled upon by the PCR court. These claims allege that trial counsel was ineffective for failing to call Dr. Karns and Detective Ramsey to testify. Petitioner argued that the *Martinez* exception applied because the PCR counsel failed to subpoena the witnesses to testify at the PCR hearing. The Magistrate Judge correctly found the *Martinez* exception did not apply here because Petitioner did not establish that trial counsel's representation fell below an objective standard of reasonableness. Specifically, Petitioner "failed to present Dr. Karns and/or Detective Ramsey as a witness at the evidentiary hearing and has failed to submit any evidence of what the proposed witness's testimony would be or evidence that would show a probability that the testimony would have changed the outcome." (ECF No. 16 at 18–19); *see White v. Cartledge*, No. CV 1:15-365-DCN-SVH, 2016 WL 1104760, at *14 (D.S.C. Jan. 29, 2016), *report and recommendation adopted*, 2016 WL 1089339 (D.S.C. Mar. 21, 2016) (finding the *Martinez* exception did not apply to petitioner's claim that his PCR counsel failed to subpoena a witness where the witness "did not testify at the evidentiary hearing[,]" making "any discussion regarding what [he] would have testified about at trial [] purely speculative") (citing *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial."); *see also Underwood v. State*,

5

425 S.E.2d 20, 22 (S.C. 1992) (prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing).[2]

In his objection, Petitioner speculates as to what Dr. Karns and Detective Ramsey would have testified to at trial and how their testimony would have affected a jury. (ECF No. 20 at 10–11.) As previously stated, such speculation is insufficient to establish prejudice from a witness's failure to testify at trial. *See Bannister*, 509 S.E.2d at 809. Accordingly, this objection is overruled.

The Magistrate Judge next found that Ground Four was not raised to or ruled upon by the PCR court and was therefore procedurally defaulted. Ground Four alleges that the prosecution engaged in misconduct because Petitioner's prosecution for life without parole was vindictively enhanced, the prosecution allowed for false testimony to be presented by its expert witness, and it neglected to correct inconsistent testimony from the victim. The Magistrate Judge correctly concluded that Petitioner did not demonstrate cause to excuse his procedural default, or actual prejudice or a fundamental miscarriage of justice resulting from the procedural default.

In his objections, Petitioner recognizes that he "cannot establish cause to excuse his procedural default[,]" and instead asserts that he has presented "sufficient evidence of actual innocence in accordance with *Schlup v. Delo*, 513 U.S. 298 (1995)." (ECF No. 20 at 27.) In *Schlup*, the Supreme Court held that a claim of actual innocence "requires [a movant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

---

[2] Accordingly, even if these claims were not procedurally barred, they would fail on the merits as Petitioner cannot carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny.

6

accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. A petitioner must establish that, "in the light of all the evidence, . . . it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327–28. To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* at 324. Indeed, the Supreme Court has emphasized that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006); *see also Schlup*, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

Here, Petitioner asserts that Dr. Karn's "initial medical examination records" constitute new evidence, and that, "had the cross-examination [of the state's expert witness] been complete by the answering of crucial, impeaching questions about [Dr. Karn's] records, . . . the result of the trial would more than likely [have] been different." (ECF No. 20 at 27.) Dr. Karn, an emergency room doctor, treated the victim for stab wounds on May 29, 2009, immediately after the altercation at issue occurred. (ECF No. 20-1 at 2.) His records cover the period from roughly 2:00 am to 5:30 am. (*Id.* at 2–5.)

Petitioner asserts that Dr. Karn's initial medical examination records are inconsistent with the testimony of the state's expert witness as to the victim's injuries from rape. Specifically, Petitioner highlights Dr. Karn's notation that there is "no bruising/redness to anal or vaginal area at this time." (ECF No. 20-1 at 3.) Although Petitioner claims that the records reveal "not one sign of bleeding, tearing, or bruising to any part of [the victim's] body," (ECF No. 20 at 24), Dr. Karn notes, among other

7

things, that there is "dried blood to lower extremities," and that in photos taken for police, the alleged victim has a "neck/bruise to [left] thigh/minute abrasion to [left] hip." (ECF No. 20-1 at 4.) In the same records, Nurse Barbara Rolen RN ("Nurse Rolen") notes that at 5:31 am, the alleged victim "continued to have dried blood to lower extremities/periarea.[3]" (*Id.* at 5.)

Petitioner contrasts these medical records with those taken by the state's expert witness, Nurse Mobley, as part of the "Sexual Assault Examination Protocol" for the South Carolina Law Enforcement Division. Nurse Mobley recorded these medical notes when the victim was admitted to her after leaving Dr. Karn's care, at 5:48 am on May 29, 2009. (ECF No. 20-1 at 8.) Nurse Mobley notes, *inter alia*, that a pelvic examination revealed "bloody drainage" from the alleged victim's vulva, vagina, and anus. (*Id.* at 9.) Like Dr. Karns, however, she notes that there are "no tears." (*Id.* at 11.)

According to Petitioner, "this new evidence . . . was not presented at trial due to the suppression of the impeaching evidence by the prosecution, and the deficient performance of trial counsel." (ECF No. 20 at 28.) He argues that after hearing this new evidence, "[a]ny reasonable juror would have doubt as to the testimony presented by [the state expert witness]." (*Id.*)

Here, the Court finds that Petitioner's evidence fails to satisfy the *Schlup* standard, as his allegations are insufficient to meet the requisite showing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Petitioner has overstated the significance of Dr. Karn's medical

---

[3]

 The perineal area is "the area between the anus and the posterior part of the external genitalia." http://www.merriam-webster.com/dictionary/perineal.

records—they are largely consistent with the medical notes taken by Nurse Mobley and Nurse Rolen during the same time period. For example, both Dr. Karn and Nurse Mobley note that the victim does not have any tears. While Dr. Karn notes that the victim has "no bruising/redness to anal or vaginal area at this time," (ECF No. 20-1 at 3), he also notes that there is "dried blood to lower extremities." (*Id.* at 3.) Nurse Rolen also noted that the victim "continued to have dried blood in the lower extermities/perineal area." (*Id.* at 5.) These records are consistent with the testimony at trial that the victim was stabbed and raped by Petitioner. In light of all the evidence, the Court cannot find that it is more likely than not that no reasonable juror would have convicted Petitioner in light of the new evidence. Petitioner's "exculpatory" evidence is not "so strong that a court [could not] have confidence in the outcome of the trial . . . ." *Schlup*, 513 U.S. at 316. Because the Court finds that Petitioner has failed to meet his burden of demonstrating actual innocence, procedural bars apply to his claims in Ground Four. This objection is therefore overruled.

The Magistrate Judge next found that Ground One fails to state a cognizable § 2254 claim. Ground One alleges that the trial judge erred in not allowing witnesses' testimony into evidence and to be heard by the jury. The Magistrate Judge correctly found that this claim concerned the sufficiency of the evidence at Petitioner's trial, and therefore was not a basis for habeas relief. (ECF No. 16 at 20.) Indeed, the Fourth Circuit has held that state evidentiary rulings will not be considered in federal habeas "unless [the] erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir.

9

2000). In his objection, Petitioner cites a South Carolina case from 1860, *State v. Smith*, which states that a defendant in a murder trial may "show in his defense that the deceased was a turbulent and violent man." 46 S.C.L. 430 (12 Rich.) 430 (1860). Petitioner's reliance on *Smith* supports the Court's finding that Ground One deals solely with matters of state law and is therefore not cognizable here. *See Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960) ("Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues."). This objection is therefore overruled.

The Magistrate Judge next found that those remaining claims in Ground Two not procedurally barred failed on the merits. He first addressed Petitioner's claim that trial counsel failed to investigate the mental and medical records of the victim to show anger issues and false testimony. (ECF No. 16 at 23–25.) The Magistrate Judge thoroughly discussed the PCR court's treatment of this claim and deferred to its finding that Petitioner's counsel was credible on this issue and Petitioner was not credible. (*Id.*) He further noted that counsel proferred the testimony of two family members regarding the victim's anger issues, but the testimony was not allowed in by the trial judge. The Court agrees that the ruling of the state court was reasonable on this issue and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. The Court therefore overrules this objection.

The Magistrate Judge next addressed Petitioner's claim that trial counsel was ineffective for failing to call Susan Clary ("Clary") as a defense witness. He recounted

10

Clary's testimony at the PCR evidentiary hearing and noted the PCR court's finding

that "it is doubtful that [Clary's] testimony would have been admissible at trial" given

that the trial court did not allow counsel to introduce similar testimony. (ECF No. 16 at

26.) The Magistrate Judge also noted the PCR court's finding that Petitioner failed to

prove any prejudice due to counsel's performance. (*Id.* at 27.) He correctly concluded

that the ruling of the state court was reasonable on this issue and that Petitioner failed

to carry his burden of establishing counsel was ineffective as required by *Strickland*

and its progeny. (*Id.*) In his objections, Petitioner argue that "[h]ad the jury heard

Clary's testimony, no reasonable juror would have convicted the Petitioner with the

charges at hand." (ECF No. 20 at 12.) However, such speculation fails to establish

prejudice under *Strickland. See Jackson v. S. Carolina*, No. CIV.A. 0:06-1837, 2007

WL 2822138, at *9 (D.S.C. Sept. 25, 2007) ("Petitioner's mere speculation is not

sufficient to satisfy his burden" under *Strickland*) (citing *Bradford v. Whitley*, 953 F.2d

1008, 1012 (5th Cir. 1989) (Speculation and conjecture does not satisfy the prejudice

prong of *Strickland*)). The Court therefore overrules this objection.

The Magistrate Judge next found that Petitioner's claim in Ground Two (4) that

trial counsel was ineffective for failing to object to a motion to qualify a nurse as an

expert was the same issue raised in Ground Three. He therefore addressed this claim

under only under Ground Three. Petitioner objects here that the claims differ under

these grounds because "Ground Three is a claim that holds the PCR court

accountable" while Ground Two (4) "is a claim holding trial counsel accountable." (ECF

No. 20 at 12.) Petitioner explains that Ground Three asserts that the "PCR court erred

11

in refusing to find trial counsel ineffective in failing to object to a nurse being qualified as [an] expert." (*Id.* at 18.) The Magistrate Judge, however, treated both claims as asserting ineffective assistance of counsel. This is likely because "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *see Gray v. Stevenson*, No. 4:11–cv–227–CMC–TER, 2012 WL 489010, at \*17 (D.S.C. Jan. 24, 2012) (holding that grounds for relief "pertain[ing] to errors in the PCR actions . . . should be dismissed") *adopted by* 2012 WL 488906 (D.S.C. Feb.15, 2012). The Court finds that to the extent Petitioner attempts to assert error by the PCR court , such a claim is not cognizable on federal habeas review. The Court therefore overrules any objection by Petitioner as to this claim under Ground Three.

As for the ineffective assistance of counsel claim asserted in Ground Two (4), the Magistrate Judge thoroughly addressed this claim in his analysis of Ground Three. He discussed the PCR Court's finding that "trial counsel was not deficient in his questioning of the nurse and that he 'calculated his motions and tactics in an effort to effectuate the goal of competent and effective advocacy on his client's behalf.'" (ECF No. 16 at 32.) This finding was supported by the record. As noted by the Magistrate Judge, counsel testified at the PCR hearing that Nurse Mobley had over twenty years of experience along with hours of training in ride alongs and numerous pelvic exams. (ECF No. 10-2 at 209.) Counsel also testified that his strategy was to attack the nurse about inconsistencies in her report and the victim's story. (*Id.* at 210.) Upon review, the Magistrate Judge correctly found that the PCR court's findings "were not contrary to,

12

nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (ECF No. 16 at 32–33.)

Petitioner's objection here is somewhat confusing as it focuses more on counsel's failure to further cross examine Nurse Mobley before she was excused as a witness, rather than any failure to object to her initial admission as an expert witness. (ECF No. 20 at 15.) However, the PCR court expressly addressed this issue and found that "Counsel's manner in questioning the expert witness . . . was not deficient." (ECF No. 10-2 at 231.) In addition, "[f]ederal law provides that cross-examination of witnesses is a tactical decision of counsel, afforded great deference by reviewing courts." *Roddy v. Reynolds*, No. CA 1:12-953-CMC-SVH, 2013 WL 625096, at *16 (D.S.C. Jan. 18, 2013), *report and recommendation adopted*, 2013 WL 625342 (D.S.C. Feb. 20, 2013). Based on the foregoing, this Court cannot find that the PCR court's determination was in any way unreasonable or contrary to existing precedent. Accordingly, the Court overrules this objection.

Finally, the Magistrate Judge addressed Grounds Five and Six, which assert errors by both the PCR attorney and the PCR judge. In Ground Five, Petitioner claims he received ineffective assistance of counsel when counsel did not amend his PCR application to add additional allegations and failed to subpoena witnesses to the hearing. In Ground Six, Petitioner claims that the PCR court erred in ordering authentication of a written deposition and not allowing material witness testimony into evidence. The Magistrate Judge correctly found that both grounds are not cognizable because they concern the state PCR process and do not raise claims concerning

13

federal habeas corpus relief. (ECF No. 16 at 33); *see* 28 U.S.C.A. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ( "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Petitioner's reliance on *Strickland* and *Martinez* in his objections are unavailing here, where the claims asserted are not cognizable § 2254 claims. (ECF No. 20 at 29.) Accordingly, the Court overrules these objections.

## **CONCLUSION**

After a thorough *de novo* review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 11) is GRANTED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

14

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 23, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

15